J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Nicole Drey (SBN 250235)
nicole@coombspc.com
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Ave., Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff Sanrio, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Sanrio, Inc.,<br><br>               Plaintiff,<br><br>      v.<br><br>Zin Khone Mar Aye a/k/a Zin K. Aye a/k/a Zin Aye a/k/a Aye Zin Khinemar, an individual and d/b/a Silver KDA a/k/a Silver Silver a/k/a KDA Quality Silver and Jewelry, and Does 1 – 10, inclusive,<br><br>               Defendants. | Case No. CV11 10286 DMG (JCGx)<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT; TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; TRADEMARK DILUTION; DECLARATORY RELIEF<br><br>DEMAND FOR A JURY TRIAL |

Plaintiff Sanrio, Inc. ("Plaintiff") for its Complaint alleges as follows:

### Allegations Common to All Claims for Relief

**A.   Jurisdiction and Venue**

1.   The claims for trademark infringement, unfair competition and trademark dilution under the Lanham Trademark Act, as amended, 15 U.S.C., § 1051 *et seq.*, allege the unauthorized use in interstate commerce of famous and distinctive marks, false designations of origin and trademark dilution. The Court has jurisdiction over the subject matter of these claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and § 1338. The cause of action for copyright infringement arises



1  pursuant to 17 U.S.C. § 101, *et seq*.  The Court has jurisdiction over the subject

2  matter pursuant to 28 U.S.C. § 1331 and § 1338(a).    The remaining causes of action

3  for unfair competition and trademark dilution under California state law and for a

4  constructive trust arise under the laws of the State of California.  The Court has

5  jurisdiction over these substantial and related claims pursuant to 28 U.S.C. § 1338

6  (b) and § 1367.

7       2.     Venue in the Central District of California is proper pursuant to 28

8  U.S.C. § 1391(b), § 1392 and § 1400(a).

9  **B.**    **Introduction**

10       3.     This case concerns the concerted, systematic and wholesale theft of

11  various world-famous intellectual properties owned by Plaintiff.  Defendants are

12  engaged in the manufacture, importation, distribution, promotion, sale and offer for

13  sale of jewelry, personal accessories, and other merchandise, which incorporate

14  unauthorized likenesses of animated characters or other logos owned by Plaintiff,

15  including, but not necessarily limited to, Hello Kitty (collectively "Infringing

16  Product").

17  **C.**    **Plaintiff Sanrio**

18       4.     Sanrio is a corporation, duly organized and existing under the laws of

19  California, having its principal place of business in South San Francisco.  Plaintiff

20  Sanrio is and, at all relevant times, has been, the exclusive U.S. licensee of Sanrio

21  Company, Ltd., a Japan corporation ("Sanrio Co.").  Plaintiff Sanrio is a wholly-

22  owned subsidiary of Sanrio Co.

23       5.     For more than forty years, Sanrio Co. has been engaged in the business

24  of manufacturing, distributing and selling a wide range of products including,

25  without limitation, character artwork created, developed and designed by Sanrio Co.

26  for use by children and young adults.  Certain of the characters and designs have

27  achieved such global fame and popularity that Sanrio Co. has produced and

28

1  distributed television programming for children based on the character artwork. One

2  such television program is the animated television series entitled *Hello Kitty*.

3      6.    A significant source of revenue for Sanrio Co. is the merchandising and

4  licensing of distinctive elements bearing character artwork, including Hello Kitty,

5  Bad Badtz Maru, Chococat, KeroKeroKeroppi, Landy, Little Twin Stars, Monkichi,

6  My Melody, Patty and Jimmy, Pekkle, Picke Bicke, Pochacco, Tuxedo Sam,

7  Winkipinki and Zashikbuta (hereinafter individually and collectively referred to as

8  the "Sanrio Co. Characters").

9      7.    The revenue from products using the Sanrio Co. Characters sold in the

10  United States is substantial. The appearance and other features of the Sanrio Co.

11  Characters are inherently distinctive and serve to identify Sanrio as the source of

12  products bearing the Sanrio Co. Characters. The design, configuration and

13  distinctive features of the Sanrio Co. Characters and other Sanrio Co. copyrighted

14  works, and of works related thereto (hereinafter individually and collectively referred

15  to as "Sanrio Co.'s Copyrighted Designs") are wholly original with Sanrio Co. and,

16  as fixed in various tangible media, including, without limitation, merchandise, are

17  copyrightable subject matter under the United States Copyright Act, 17 U.S.C., §§

18  101 *et seq.* Sanrio Co. is the owner of Sanrio Co.'s Copyrighted Designs and, as

19  featured on and in connection with various merchandise, these designs constitute

20  copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et*

21  *seq.*

22      8.    Sanrio Co. has complied in all respects with the laws governing

23  copyright and has secured the exclusive rights and privileges in and to the copyrights

24  to Sanrio Co.'s Copyrighted Designs, and Sanrio Co. owns one or more certificates

25  of registration for works in which each of Sanrio Co.'s Copyrighted Designs appear.

26  A representative list of copyright registrations for Sanrio Co.'s Copyrighted Designs

27  is attached hereto as Exhibit A.

28

9.     Products featuring Sanrio Co.'s Copyrighted Designs manufactured, sold and distributed by Sanrio Co. or under its authority have been manufactured, sold and distributed in conformity with the provisions of the copyright laws. Sanrio Co. and those acting under its authority have complied with their obligations under the copyright laws and Sanrio Co. has at all times been and still is the sole proprietor or otherwise authorized to enforce all right, title and interest in and to the copyrights in each of Sanrio Co.'s Copyrighted Designs.

10.    Sanrio Co. owns all right, title and interest in and to and holds exclusive right to develop, manufacture, market and sell products bearing the trademarks, trade names, service marks, artwork, characters and other distinctive elements for and incorporating the Sanrio Co. Characters in the United States.

11.    Sanrio Co. is the owner of world famous registered marks which serve to distinguish Sanrio Co. products. Some of those trademarks have been used continuously for over twenty-five years. Each year, Sanrio Co. spends millions of dollars to develop and maintain the considerable good will it enjoys in its trademarks and in its reputation for high quality. A representative list of trademark registrations for the Sanrio Co. Characters is attached hereto as Exhibit B (collectively "Sanrio Co.'s Trademarks").

12.    Sanrio Co.'s Trademarks are all valid, extant and in full force and effect. Sanrio Co.'s Trademarks are all exclusively owned by Sanrio Co. Sanrio Co. has continuously used each of Sanrio Co.'s Trademarks from the registration date, or earlier, until the present and at all times relevant to the claims alleged in this Complaint.

13.    As a result of advertising and sales, together with longstanding consumer acceptance, Sanrio Co.'s Trademarks identify Sanrio Co.'s products and authorized sales of these products. Sanrio Co.'s Trademarks have each acquired secondary meaning in the minds of consumers throughout the United States and the

1    world. The Sanrio Co. Characters, Sanrio Co.'s Copyrighted Designs and Sanrio

2    Co.'s Trademarks are collectively referred to herein as "Sanrio Co.'s Properties."

3    **D.**    **Defendants**

4        14.     Defendant Zin Khone Mar Aye a/k/a Zin K. Aye a/k/a Zin Aye a/k/a

5    Aye Zin Khinemar ("Aye") is an individual resident of the City of Temple City,

6    County of Los Angeles, and State of California. Plaintiff is informed and believes,

7    and upon that basis alleges, that Aye does business as Silver KDA a/k/a Silver Silver

8    a/k/a KDA Quality Silver and Jewelry in the County of Los Angeles, State of

9    California. Plaintiff is further informed and believes, and based thereon alleges, that

10    Aye had the right and ability to supervise or control the infringing activity alleged

11    herein and that he had a direct financial interest in such activity. In addition or

12    alternatively, Aye had knowledge or reason to know of the infringing activity and

13    took actions that contributed to such activity.

14        15.     Upon information and belief, Does 1 – 10 are either entities or

15    individuals who are residents of or present in this judicial district, and are subject to

16    the jurisdiction of this Court. Upon information and belief, Does 1 – 10 are

17    principals or supervisory employees of the named defendants, suppliers of the named

18    defendants or other entities or individuals who are manufacturing, distributing,

19    selling and/or offering for sale merchandise in this judicial district which infringes

20    some or all of Sanrio Co.'s Properties. The identities of the various Does are

21    unknown to Plaintiff at this time. The Complaint will be amended to include the

22    names of such individuals when identified. The named defendants and Does 1 – 10

23    are collectively referred to herein as "Defendants."

24    **E.**    **Defendants' Infringing Activities**

25        16.     Upon information and belief, long after Plaintiff's adoption and use of

26    Sanrio Co.'s Properties on a diverse range of goods, and after Plaintiff obtained the

27    copyright and trademark registrations alleged above, Defendants adopted and used

28    substantially identical likenesses of Sanrio Co.'s Properties on Infringing Product,

without Plaintiff's consent, by manufacturing, importing, advertising, displaying, distributing, selling and/or offering to sell the Infringing Product. Defendants have caused the Infringing Product to enter into commerce and to be transported or used in commerce. Defendants are not licensed by Plaintiff, and at all relevant times were not authorized by Plaintiff or any authorized agent of Plaintiff, to manufacture, import, distribute, sell and/or offer for sale the Infringing Product. Defendants are currently engaged in such uses and, unless enjoined by this Court, will continue such unauthorized uses.

17.    By engaging in this conduct, Defendants have acted in willful disregard of laws protecting Plaintiff's goodwill and related proprietary rights and have confused and deceived, or threaten to confuse and deceive, the consuming public concerning the source and sponsorship of the products. By their wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement)

18.    Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 17, inclusive, as though set forth herein in full.

19.    Plaintiff is informed and believes, and upon that basis alleges, that the Defendants have each obtained gains, profits and advantages as a result of their infringing acts in amounts within the jurisdiction of the Court.

20.    Plaintiff is informed and believes, and upon that basis alleges, that it has suffered and continues to suffer direct and actual damages as result of Defendants' infringing conduct as alleged herein, in amounts within the jurisdiction of this Court. In order to determine the full extent of such damages, including such profits as may be recoverable under 17 U.S.C. § 504, Plaintiff will require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the Infringing Product as alleged herein. In the alternative, Plaintiff

1  may elect to recover, for each of its respective copyrighted works infringed, statutory

2  damages pursuant to 17 U.S.C. § 504(c).

3     21.   Plaintiff has no other adequate remedy at law and has suffered and

4  continues to suffer irreparable harm and damage as a result of the above-described

5  acts. Plaintiff is informed and believes, and upon that basis alleges, that, unless

6  enjoined by the Court, the unlawful infringement by Defendants of Sanrio Co.'s

7  Properties will continue with irreparable harm and damage to Plaintiff. Accordingly,

8  Plaintiff seeks and requests permanent injunctive relief pursuant to 17 U.S.C § 502.

9     22.   By reason of the foregoing, Plaintiff has incurred and will continue to

10 incur attorneys' fees and other costs in connection with the prosecution of its claims

11 herein, which attorneys' fees and costs Plaintiff is entitled to recover from the

12 Defendants, and each of them, pursuant to 17 U.S.C. § 505.

13              **SECOND CLAIM FOR RELIEF**

14              **(For Trademark Infringement)**

15    23.   Plaintiff repeats and realleges all of the allegations contained in

16 paragraphs 1 through 22, inclusive, as though set forth herein in full.

17    24.   Defendants' manufacture, importation, advertisement, display,

18 promotion, marketing, distribution, sale and/or offer for sale of the Infringing

19 Product is likely to cause confusion or to cause mistake or to deceive the relevant

20 public and trade regarding the affiliation, sponsorship, endorsement or approval of

21 the Infringing Product by Plaintiff. Such confusion, mistake and deception is

22 aggravated by the confusing similarity between Sanrio Co.'s Properties and the use

23 of substantially identical likenesses on the Infringing Product in the same type of

24 goods made, imported and sold by or under authority of Plaintiff.

25    25.   Plaintiff is informed and believes, and upon that basis alleges, that

26 Defendants, and each of them, acted with knowledge of the federally registered

27 trademarks alleged herein and of the valuable goodwill Plaintiff enjoys in connection

28 therewith, with intent to confuse, mislead and deceive the public into believing that

the Infringing Product was made, imported and sold by Plaintiff, or are in some other manner, approved or endorsed by Plaintiff.

26.     Plaintiff has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts of trademark infringement in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. § 1117.  In order to determine the full extent of such damages, including such profits as may be recoverable under 15 U.S.C. § 1117, Plaintiff will require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the Infringing Product as alleged herein.  In the alternative, Plaintiff may elect to recover statutory damages pursuant to 15 U.S.C. § 1117(c).

27.     Plaintiff has no other adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of the above-described acts of infringement.  Plaintiff is informed and believes, and upon that basis alleges, that, unless enjoined by the Court, the unlawful infringement will continue with irreparable harm and damage to Plaintiff.  Accordingly, Plaintiff seeks and requests preliminary and permanent injunctive relief pursuant to 15 U.S.C § 1116.

28.     By reason of the foregoing, Plaintiff has incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of its claims herein, which attorneys' fees and costs Plaintiff is entitled to recover from Defendants, and each of them, pursuant to 15 U.S.C. § 1117(c).

## THIRD CLAIM FOR RELIEF

### (For Unfair Competition)

29.     Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 28, inclusive, as though set forth herein in full.

30.     Plaintiff owns all rights, title and interest in and to the trademarks, trade names, service marks, artwork, characters and other distinctive elements for and incorporating Sanrio Co.'s Properties.

31. Sanrio Co.'s Properties have each acquired a secondary and distinctive meaning among the public, which has come to identify Plaintiff through various media, including films, books, television, theme parks, magazines and other sources, and through the distribution and sale of authorized merchandise, and the distinctive features of each, as designating products associated with Plaintiff. As a result of the extensive advertising, media exposure, sales and public recognition of Sanrio Co.'s Properties, combined with the positive experiences of the public in its relationship with Plaintiff, Sanrio Co.'s Properties are each symbolic of Plaintiff and representative of the image which the public has of Plaintiff.

32. Plaintiff is informed and believes, and upon that basis alleges, that Defendants, and each of them, have, without permission, authority or license from Plaintiff or its licensees, affixed, applied and/or used in connection with the manufacture, importation, advertisement, display, promotion, marketing, distribution, sale and/or offer for sale, false descriptions and representations including words or other symbols which tend falsely to describe or represent such goods as Plaintiff and/or affiliated with Plaintiff, and have caused the entry of such goods into interstate commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiff. Defendants, and each of them, by misappropriating and using one or more of Sanrio Co.'s Properties, have misrepresented and falsely described to the general public the origin, source, association, affiliation or sponsorship of their goods so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of said goods.

33. Plaintiff is informed and believes, and upon that basis alleges, that the Infringing Product being manufactured, imported, advertised, marketed, displayed, distributed, sold and/or offered for sale by Defendants, and each of them, are of inferior quality and that the sale and/or offer for sale thereof will be damaging to and dilute the goodwill and reputation of Plaintiff.

34.     Defendants' acts and conduct, as alleged herein, including, without limitation, the Defendants' duplication and imitation of Sanrio Co.'s Properties, are business practices likely to deceive or confuse the purchasing public and trade upon Plaintiff's reputation, both as to the source, origin, sponsorship and approval of the goods provided and as to the affiliation, connection or association of Defendants, and each of them, with Plaintiff and constitute acts of unfair competition, false designation of origin and false representation of affiliation, all in violation of 15 U.S.C. § 1125(a). Plaintiff is informed and believes, and upon that basis alleges, that each of Defendants' respective acts of reputation appropriation and unfair competition was willful.

35.     Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' respective acts of unfair competition in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. § 1117.

36.     Plaintiff is informed and believes, and upon that basis alleges, that unless enjoined by the Court the confusion and deception alleged above and the likelihood thereof will continue with irreparable harm and damage to Plaintiff. Accordingly, Plaintiff seeks and requests preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

37.     Plaintiff is informed and believes, and upon that basis alleges, that Defendants have each obtained gains, profits and advantages as a result of their wrongful acts of unfair competition in amounts not thus far determined but within the jurisdiction of this Court, which amounts should each be trebled, pursuant to 15 U.S.C. § 1117.

38.     In order to determine the full extent of such damages, including such profits as may be recoverable, Plaintiff requires an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the Infringing Product.

39.     By reason of the foregoing, Plaintiff has incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of their claims herein, which attorneys' fees and costs Plaintiff is entitled to recover from the Defendants, and each of them, pursuant to 15 U.S.C. § 1117.

## FOURTH CLAIM FOR RELIEF

### (For Trademark Dilution)

40.     Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 39, inclusive, as though set forth in full herein.

41.     The extensive advertising, media exposure, sales and public recognition of Sanrio Co.'s Properties, combined with the positive experiences of the public in its relationship with Plaintiff, have made Sanrio Co.'s Properties each famous and distinctive marks that are symbolic of Plaintiff and representative of the image the public has of Plaintiff.

42.     Sanrio Co.'s Properties are extraordinarily famous and well known throughout the United States and elsewhere, having been used extensively by Plaintiff. By reason of Plaintiff's extensive use of Sanrio Co.'s Properties, each has become highly distinctive of Plaintiff's goods and services and is uniquely and exclusively associated with Plaintiff. Sanrio Co.'s Properties are famous marks within the purview of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

43.     Defendants' acts and conduct, as alleged herein, including Defendants' use of Sanrio Co.'s Trademarks on and in connection with the manufacture, importation, advertisement, display, distribution, sale and/or offer for sale of the Infringing Product are commercial business practices which trade on Plaintiff's reputation and cause dilution of one or more of each of the famous, distinctive and pre-existing Trademarks, by lessening the capacity of these marks to exclusively identify and to distinguish Plaintiff and its goods and services and constitute dilution, all in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Plaintiff is informed and believes, and upon that basis alleges, that each of Defendants' acts of

trademark dilution and reputational appropriation was willful and that each

Defendant willfully intended to reap the benefit of Plaintiff's goodwill, trade upon

Plaintiff's reputations and/or dilute the distinctiveness of one or more of Plaintiff's

famous and distinctive trademarks.

44.     Plaintiff is informed and believes, and upon that basis alleges, that

unless enjoined by the Court, Defendants' unlawful and unauthorized acts in

violation of Section 43(c) of the Lanham Act will continue to cause dilution of one

or more of Sanrio Co.'s Properties with the corresponding irreparable harm and

damage to Plaintiff.  Accordingly, Plaintiff seeks preliminary and permanent

injunctive relief pursuant to 15 U.S.C. § 1116.

45.     Plaintiff has no adequate remedy at law and has suffered and continues

to suffer irreparable harm and damage as a result of Defendants' acts of trademark

dilution in amounts thus far not determined, but within the jurisdiction of this Court,

which amounts should be trebled pursuant to 15 U.S.C. § 1116.

46.     Plaintiff is informed and believes, and upon that basis alleges, that

Defendants have each obtained gains, profits and advantages as a result of their

wrongful acts of trademark dilution in amounts thus far not determined but within

the jurisdiction of this Court, which amounts should be trebled pursuant to 15 U.S.C.

§ 1117.

47.     In order to determine the full extent of such damages, including such

profits as may be recoverable, Plaintiff will require an accounting from each

Defendant of all monies generated from the manufacture, importation, distribution

and/or sale of the diluting items alleged herein.

48.     By reason of the foregoing, Plaintiff has incurred and will continue to

incur attorneys' fees and other costs in connection with the prosecution of its claims

herein, which attorneys' fees and costs Plaintiff is entitled to recover from

Defendants, and each of them, pursuant to 15 U.S.C. § 1117.

## FIFTH CLAIM FOR RELIEF

### (For State Law Unfair Competition)

49.     Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 though 48, inclusive, as though set forth herein in full.

50.     As alleged above, each of Sanrio Co.'s Properties has acquired secondary meaning indicative of origin, relationship, sponsorship and/or association with Plaintiff.  The purchasing public is likely to attribute to Plaintiff the use by Defendants and/or their customers of one or more of Sanrio Co.'s Properties, as a source of origin, authorization and/or sponsorship for Defendants and/or their customers' goods and therefore to purchase such goods based upon that erroneous belief.

51.     Plaintiff is informed and believes, and upon that basis alleges, that Defendants, and each of them, have intentionally appropriated one or more of Sanrio Co.'s Properties with the intent of causing confusion, mistake and deception as to the source of their and/or their third-party wholesale customers' goods and with the intent to palm off such goods as those of Plaintiff, and, as such, Defendants have each committed trademark infringement, misleading advertising and unfair competition, all in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq.*

52.     Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of each of Defendants' acts in an amount thus far not determined but within the jurisdiction of this Court.

53.     Plaintiff is informed and believes, and upon that basis alleges, that unless enjoined by the Court, the confusion and deception alleged herein and the likelihood thereof will continue with irreparable harm and damage to Plaintiff.

54.     Plaintiff is informed and believes, and upon that basis alleges, that Defendants have each unlawfully and wrongfully derived and will continue to derive income, gains, profits and advantages as a result of their wrongful acts of unfair

competition, in amounts thus far not determined but within the jurisdiction of this Court. Plaintiff is informed and believes, and upon that basis alleges, that it has lost and will continue to lose profits and goodwill as a result of Defendants' conduct.

55.     By reason of the foregoing acts of unfair competition, Plaintiff is entitled to restitution from each Defendant of all income, gains, profits and advantages resulting from their wrongful conduct in amounts to be determined according to proof at trial.

56.     In order to determine the full extent of such damages, including such profits as may be recoverable, Plaintiff will require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the Infringing Product.

57.     Plaintiff is informed and believes, and upon that basis alleges, that Defendants, and each of them, committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure Plaintiff in its business and with conscious disregard for Plaintiff's rights, thereby justifying awards of punitive and exemplary damages against each Defendant in amounts sufficient to punish each Defendant and to set an example for others.

## SIXTH CLAIM FOR RELIEF
### (State Law Trademark Dilution)

58.     Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 57, inclusive, as though set forth herein in full.

59.     Plaintiff has used Sanrio Co.'s Properties to identify itself and its goods and services. Defendants' use of Sanrio Co.'s Properties to identify themselves and their products has diluted and will continue to dilute the distinctive quality of Sanrio Co.'s Properties in violation of § 14245, *et seq.* of the California Business and Professions Code.

60.     Defendants' acts as alleged herein have damaged and will continue to irreparably damage Plaintiff. Plaintiff has no adequate remedy at law for such

wrongs and injuries.  The damage to Plaintiff includes harm to its goodwill and reputation that money cannot adequately compensate.  Plaintiff therefore is entitled to a preliminary and permanent injunction enjoining Defendants' commercial use of Sanrio Co.'s Properties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demand:

A.    That Defendants, their agents, servants, employees, representatives, successor and assigns, and all persons, firms, corporations or other entities in active concert or participation with any of said Defendants, be immediately and permanently enjoined from:

1.    Directly or indirectly infringing Sanrio Co.'s Properties in any manner, including generally, but not limited to, manufacture, importation, distribution, advertising, selling and/or offering for sale any merchandise which infringes the said Sanrio Co.'s Properties, and, specifically:

2.    Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Infringing Product or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of Sanrio Co.'s Properties;

3.    Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of Sanrio Co.'s Properties;

4.    Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe the actions of Defendants, the products sold by Defendants or Defendants themselves are connected with

Plaintiff, are sponsored, approved or licensed by Plaintiff, or are in some way affiliated with Plaintiff;

5.    Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff;

6.    Otherwise competing unfairly with Plaintiff in any manner;

7.    Destroying or otherwise disposing of

a.    Merchandise falsely bearing Sanrio Co.'s Properties;

b.    Any other products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Sanrio Co.'s Properties;

c.    Any labels, packages, wrappers, containers or any other unauthorized promotion or advertising material item which reproduces, copies, counterfeits, imitates or bears any of Sanrio Co.'s Properties;

d.    Any molds, screens, patterns, plates, negatives or other elements used for making or manufacturing products bearing Sanrio Co.'s Properties;

e.    Any sales and supply or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and all other business records, believed to concern the manufacture, purchase, advertising, sale or offering for sale of the Infringing Product;

B.    That Plaintiff and its designees are authorized to seize the following items, which are in Defendants' possession, custody or control:

1.    All unauthorized products bearing Sanrio Co.'s Properties, or likenesses thereof;

2.     Any other unauthorized products which reproduce, copy, counterfeit, imitate or bear any of Sanrio Co.'s Properties or which picture, reproduce, copy or use the likeness of or bear a substantial similarity to Sanrio Co.'s Properties;

3.     Any labels, packages, wrappers, containers and any other unauthorized promotional or advertising material which reproduce, copy, counterfeit, imitate or bear any of Sanrio Co.'s Properties or which picture, reproduce, copy or use the likeness of or bear a substantial similarity to Sanrio Co.'s Properties;

4.     Any molds, screens, patterns, plates, negatives, machinery or equipment used for making or manufacturing the Infringing Product or unauthorized items which bear Sanrio Co.'s Properties or which bear a substantial similarity to any of Sanrio Co.'s Properties.

C.     That those Defendants infringing upon Sanrio Co.'s Properties be required to pay actual damages increased to the maximum extent permitted by law and/or statutory damages at Plaintiff's election;

D.     That actual damages be trebled pursuant to 15 U.S.C. § 1117;

E.     That Defendants account for and pay over to Plaintiff all damages sustained by Plaintiff and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that those profits be increased as provided by law;

F.     That Plaintiff recover from Defendants its costs of this action and reasonable attorneys' fees; and

/ / /

/ / /

/ / /

G.      That Plaintiff have all other and further relief as the Court may deem just and proper under the circumstances.

Dated: December 7, 2011                    J. Andrew Coombs, A Professional Corp.

                                           By:_____
                                                J. Andrew Coombs
                                                Nicole L. Drey
                                           Attorneys for Plaintiff Sanrio, Inc.

# **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Sanrio, Inc. hereby demands a trial by jury of all issues so triable.

DATED: December 9, 2011        J. Andrew Coombs, A Professional Corp.

By:_____
        J. Andrew Coombs
        Nicole L. Drey
Attorneys for Plaintiff Sanrio, Inc.

# EXHIBIT A

## SANRIO CO.'S COPYRIGHTED DESIGNS

| Copyright Registration | Title of Work (Character) | Type of Work |
|---|---|---|
| VA 1 296 115 | 2004 – 100 Characters | Graphic Artwork |
| VA 811 440 | Bad Badtz Maru | Graphic Artwork |
| VAu 498 617 | Chococat | Art original |
| VA 130 420 | Hello Kitty | Graphic Artwork |
| VA 636 579 | KeroKeroKeroppi | Sticker Book |
| VA 246 421 | Little Twin Stars | Stickers |
| VA 840 495 | Monkichi | Graphic Artwork |
| VA 130 419 | My Melody | Graphic Artwork |
| VA 130 421 | Patty & Jimmy | Graphic Artwork |
| VA 636 582 | Pekkle | Graphic Artwork |
| VA 840 496 | Picke Bicke | Graphic Artwork |
| VA 636 580 | Pochacco | Sticker Book |
| VA 148 625 | Tuxedo Sam | Stickers |
| VA 840 494 | Winkipinki | Graphic Artwork |
| VA 636-581 | Zashikibuta | Stickers |
| VA 1-352-721 | Keroppi / Little Frog…Big Splash | Visual Material |
| Vau 1-078-385 | Sanrio 2010 Character Guide | Visual Material |

## EXHIBIT B

## SANRIO CO.'S TRADEMARKS

| Trademark | Mark Drawing Code | Trademark Registration No. | Trademark Registration Date |
|---|---|---|---|
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,842,707 | 5/18/04 |
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,707,592 | 4/15/03 |
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,705,164 | 4/8/03 |
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,714,130 | 5/6/03 |
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,952,043 | 5/17/05 |
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,845,315 | 5/25/04 |
| Hello Kitty | Design Only | 1,200,083 | 7/6/82 |
| Hello Kitty | Design Only | 1,277,721 | 5/15/84 |
| Hello Kitty | Typed Drawing | 1,215,436 | 11/9/82 |
| Hello Kitty | Typed Drawing | 1,279,486 | 5/29/84 |
| Hello Kitty | Typed Drawing | 1,391,550 | 4/29/86 |
| Hello Kitty | Design Only | 1,370,105 | 11/12/85 |
| Keroppi | Standard Character Mark | 3,531,383 | 11/11/08 |
| Keroppi | Standard Character Mark | 3,181,350 | 12/5/06 |
| Keroppi | Standard Character Mark | 3,531,382 | 11/11/08 |
| Keroppi | Standard Character Mark | 3,181,349 | 12/5/06 |
| Keroppi | Standard Character Mark | 3,436,548 | 5/27/08 |

| | | | |
|---|---|---|---|
| Keroppi | Standard Character Mark | 3,181,348 | 12/5/06 |
| Keroppi | Standard Character Mark | 3,181,347 | 12/5/06 |
| Keroppi | Standard Character Mark | 3,449,938 | 6/17/08 |
| Keroppi | Standard Character Mark | 3,531,381 | 11/11/08 |
| Keroppi | Standard Character Mark | 3,531,380 | 11/11/08 |
| Keroppi | Standard Character Mark | 3,181,346 | 12/5/06 |
| Keroppi | Standard Character Mark | 3,423,288 | 5/6/08 |
| Keroppi | Standard Character Mark | 3,181,345 | 12/5/06 |
| Little Twin Stars | Typed Drawing | 1,341,864 | 6/18/85 |
| Little Twin Stars | Typed Drawing | 1,192,946 | 4/6/82 |
| Little Twin Stars | Standard Character Mark | 3,245,999 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,998 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,997 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,994 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,993 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,992 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,991 | 5/29/07 |
| Monkichi | Standard Character Mark | 3,699,381 | 10/20/09 |
| My Melody | Typed Drawing | 1,305,637 | 11/20/84 |
| My Melody | Typed Drawing | 1,210,192 | 9/28/82 |
| Pekkle | Typed Drawing | 2,053,346 | 4/15/97 |
| Pochacco | Typed Drawing | 2,236,507 | 4/6/99 |

| | | | |
|---|---|---|---|
| Pochacco | Typed Drawing | 1,985,358 | 7/9/96 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,506,705 | 11/13/01 |
| Sanrio | Typed Drawing | 2,506,577 | 11/13/01 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,721,680 | 6/3/03 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,742,381 | 7/29/03 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,721,679 | 6/3/03 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,693,639 | 3/4/03 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,696,063 | 3/11/03 |
| KEROKEROKEROPPI | Standard Character Mark | 3,531,378 | 11/11/2008 |
| KEROKEROKEROPPI | Standard Character Mark | 3,531,376 | 11/11/2008 |
| Bow | Design only | 3,260,857 | 7/10/2007 |
| Bow | Design only | 3,359,800 | 12/25/2007 |
| Bow | Design only | 3,359,801 | 12/25/2007 |
| Bow | Design only | 3,272,377 | 7/31/2007 |
| Bow | Design only | 3,260,860 | 7/10/2007 |
| Outline of Hello Kitty | Design only | 3,756,724 | 3/9/2010 |
| Outline of Hello Kitty | Design only | 3,751,315 | 2/23/2010 |
| Outline of Hello Kitty | Design only | 3,868,138 | 10/26/2010 |
| Outline of Hello Kitty | Design only | 3,756,725 | 3/9/2010 |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV11- 10286 DMG (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

J. Andrew Coombs (SBN 123881)
Nicole L. Drey (SBN 250235)
J. Andrew Coombs, A Prof. Corp.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Tel.: (818) 500-3200 / Fax:  (818) 500-3201

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Sanrio, Inc.,

                                    PLAINTIFF(S)

v.

Zin Khone Mar Aye a/k/a Zin K. Aye a/k/a Zin Aye
a/k/a Aye Zin Khinemar, an individual and d/b/a
Silver KDA a/k/a Silver Silver a/k/a KDA Quality
Silver and Jewelry, and Does 1 – 10, inclusive,
                                    DEFENDANT(S).

CASE NUMBER

CV11-10286 DMG (JCGx)

**SUMMONS**

TO:     THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
J. Andrew Coombs                                        , whose address is:

J. Andrew Coombs, A Prof. Corp.
517 E. Wilson Ave., Suite 202
Glendale, California 91206

an answer to the ☒ complaint ☐_____amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you within ___21___ days after service of this Summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief
demanded in the complaint.

Clerk, U.S. District Court

Dated:    DEC 1 3 2011  _____        By: _____
                                                        SHEA BOURGEOIS
                                                        Deputy Clerk

                                                        (Seal of the Court)

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Sanrio, Inc.

**DEFENDANTS**
Zin Khone Mar Aye a/k/a Zin K. Aye a/k/a Zin Aye a/k/a Aye Zin Khinemar, an individual and d/b/a Silver KDA a/k/a Silver Silver a/k/a KDA Quality Silver and Jewelry, and Does 1 – 10, inclusive

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
San Mateo

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
J. Andrew Coombs (SBN 123881)
J. Andrew Coombs, A Professional Corporation
517 E. Wilson Ave., Suite 202, Glendale, California 91206
Telephone: (818) 291-6444 / Facsimile: (818) 500-3201

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright Infringement 17 U.S.C. §§ 101 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities /Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise
REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

TORTS PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability
BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157
CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition
FORFEITURE / PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act
PROPERTY RIGHTS
☒ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark
SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

CV11 10286 COPY

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number:

CV-71 (07/05)                    CIVIL COVER SHEET                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b).  RELATED CASES: Have any cases been previously filed that are related to the present case?  ☑ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
    San Mateo - Sanrio, Inc.

List the California County, or State if other than California, in which EACH named defendant resides.  (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.
    Los Angeles

List the California County, or State if other than California, in which EACH claim arose.  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
    Los Angeles

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  12-9-11

    Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
    or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not
    filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions
    sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |